**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| Jeffrey Lynn Holtan,<br><br>                Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi, Commissioner of Social Security,<br><br>                Defendant. | 2:22-cv-01222-VCF<br><br>**Order**<br><br>MOTION TO REMAND [ECF NO. 20]; CROSS-MOTION TO AFFIRM [ECF NO. 24] |

This matter involves plaintiff Jeffrey Lynn Holtan's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying his social security benefits. Holtan filed a motion for remand (ECF No. 20) and the Commissioner filed a cross-motion to affirm. (ECF No. 24). I grant plaintiff's motion to remand and deny the Commissioner's cross-motion.

**I.    Background**

Jeffrey Lynn Holtan filed an application for supplemental security income on October 24, 2018, alleging disability commencing May 14, 2018. AR[1] 300-307. The ALJ followed the five-step sequential

---

[1] The Administrative Record ("AR") is at ECF No. 18.

1

evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ agreed that Holtan did not engage in substantial gainful activity since his application date of May 14, 2018. AR 113. Holtan suffered from medically determinable severe impairments consisting of spine disorder and major joint dysfunction. *Id.* The ALJ decided that the impairments did not meet or equal any "listed" impairment. AR 115, citing 20 C.F.R. part 404, subpart P, Appendix 1. The ALJ assessed Holtan as retaining the residual functional capacity ("RFC") to:

> light work as defined in 20 CFR 416.967(b) with lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and/or walking for 6 hours and sitting for 6 hours in an 8-hour workday, no climbing ladders ropes, or scaffolds, occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, and he has to avoid hazards such as dangerous moving machinery like chainsaws and jackhammers and unprotected heights.

AR 115.

The ALJ compared the residual functional capacity assessed to the demands of Holtan's past relevant work as a construction framer, tile setter, and construction laborer, and decided that Holtan could not perform that kind of work. AR 120. The ALJ classified Holtan as an individual closely approaching advanced age on the application date. *Id.* The ALJ categorized Holtan as possessing a at least a high school education. *Id.* The ALJ treated the question of transferability of skills as immaterial. *Id.* The ALJ adduced and accepted testimony of a vocational expert that an individual of Holtan's age, education, work experience, and residual functional capacity could perform the work of cashier, office helper, and electronic worker. AR 121. The ALJ concluded that Holtan did not suffer from a disability since May 14, 2018, the application date.

Plaintiff argues that the ALJ's residual functional capacity assessment lacks the support of substantial evidence. ECF No. 20 at 5. The ALJ found all the medical opinions of record unpersuasive.

*Id.* Plaintiff also argues that the ALJ fails to articulate clear and convincing reasons for discounting Holtan's subjective symptom testimony. *Id.* at 10. The government argues that substantial evidence supports the RFC. ECF No. 24 and 25 at 4. The government also argues that the ALJ properly evaluated plaintiff's symptom testimony and the medical opinion evidence. *Id.* Plaintiff argues in his reply that the ALJ cannot "go it alone" and reject all the medical opinions since the ALJ is a lay person. ECF No. 26. Plaintiff also argues that the ALJ failed to articulate clear and convincing reasons for discounting his subjective complaints.

**II.   Discussion**

**a.   Legal Standard**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.   Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than

one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited.  *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence."  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence).  If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation.  *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

  **b. Analysis**

    **i.  The ALJ's RFC is not supported by substantial evidence.**

The regulations provide that the ALJ must assess all the evidence, including the claimant's and others' descriptions of the limitations, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin*. 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). While the ALJ is responsible for determining the RFC, the RFC must be supported by substantial evidence. "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir.

4

1999) (citation omitted). Moreover, "the ALJ must use some medical evidence of the claimant's ability to function in the workplace' in order to make a proper RFC assessment; 'the ALJ may not simply draw his own inferences about the claimant's functional ability from medical reports." *Gutierrez v. Kijakazi*, No. 2:21-cv-01292-DJA, 2022 U.S. Dist. LEXIS 66403, at 9 (D. Nev. Apr. 8, 2022)(cleaned up).

Courts in other circuits have held that when an ALJ rejects the expert opinions in the record and instead relies on his own judgment in determining a claimant's RFC, the ALJ's decision is unsupported by substantial evidence. See *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 293 (1st Cir. 1986); *Jakubiak v. Berryhill*, 337 F.Supp.3d 80 (D. Mass. 2018); *Maniscalco v. Colvin*, 167 F. Supp. 3d 207, 217-18 (D. Mass. Mar. 3, 2016); *Beyene v. Astrue*, 739 F.Supp.2d 77, 83 (D. Mass. 2010). A lay person is not qualified to interpret raw medical data to determine a claimant's RFC unless the impairments are so mild that they pose no significant functional limitations. *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996); *Rosado*, 807 F.2d at 293-94; *Jakubiak*, 337 F.Supp.3d at 85 (citation omitted); *Maniscalco*, 167 F.Supp.3d at 218-19; *Beyene*, 739 F.Supp.2d at 83 (citation omitted).

The ALJ's RFC is not supported by substantial evidence. While ALJ summarized the medical evidence, it is not entirely clear how the ALJ then translated that evidence into an RFC. This is particularly concerning because the ALJ did not rely on any of the medical opinions, finding all of the medical opinions of record unpersuasive. State agency Susan Riberio, MD and George Nickles, MD stated there was insufficient evidence to develop a valid residual functional capacity, which the ALJ found to be unpersuasive. AR 118. The ALJ noted that plaintiff rides a motorcycle which is inconsistent with Dr. Harry Duran's opinion that plaintiff is unable to pinch or grasp. *Id.* The plaintiff does not take issue with the ALJ finding the state agency physicians opinions unpersuasive since the ALJ can pick and choose between opinions expressed by the experts. *Magallanes v. Bowen*, 881 F.2d 747, 753–55 (9th

Cir. 1989). The ALJ in this case, however, decided the severity or residual functional capacity without the support of any of the medical opinion evidence. *Compare, see Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999) (Finding that "[e]vidence that Tackett took a four-day road trip to California, without more, is insufficient to counter the opinion of Tackett's treating physicians and the ALJ's own medical examiner that Tackett needs to shift positions "every 30 minutes or so.") The ALJ found that no medical opinions supported the RFC and the ALJ interpreted raw medical data. Because it is unclear how the ALJ derived plaintiff's RFC from the record and because there are no medical opinions supporting the RFC, the ALJ apparently relied only on the plaintiff's medical records and possibly plaintiff's testimony on assessing the RFC. I find that the ALJ's RFC is not supported by substantial evidence. Since I remand this case based on the issue of the RFC, I do not reach the issue of the plaintiff's symptom testimony. I remand this case to obtain further functional evidence.

Accordingly,

I ORDER that plaintiff Holtan's motion for reversal and/or remand (ECF No. 20) is GRANTED and the Commissioner's cross-motion to affirm (ECF No. 24) is DENIED.

The Clerk of Court is directed to enter final judgment in favor of plaintiff.

DATED this 9th day of March 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE